**Jaswinder KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71409, A77–814–786.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Carol Federighi, Earle B. Wilson, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

### MEMORANDUM**

Jaswinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Al–Saher v. INS,* 268 F.3d 1143, 1145 (9th Cir.2001) (asylum); *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir. 2003) (Convention Against Torture), and we deny the petition.

 Substantial evidence supports the IJ's conclusion that Kaur failed to meet her burden of proving past persecution or a well-founded fear of future persecution. Kaur testified that, on two occasions, she was arrested and detained by the police for three or four days. On both occasions, she did not suffer injuries requiring medical attention and was released without the payment of a bribe or the requirement that she report back to the police. This evidence does not compel the conclusion that Kaur established eligibility for asylum. *See Al–Saher,* 268 F.3d at 1146 (government detention for five or six days where the detainee was not beaten or tortured prior to escape did not compel a finding of past persecution or consequent well-founded fear of future persecution). Because Kaur did not establish eligibility for asylum, she necessarily failed to establish a claim for withholding of removal. *See id.*

 Kaur's CAT claim, which is based on the same incidents, also fails because she did not show that it is more likely than not that she would be tortured if removed to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, we are not persuaded by Kaur's contention that the BIA's order violated due process. The order stated the reasons for its decision with sufficient particularity for this court to conduct a proper substantial evidence review. *See Castillo v. INS,* 951 F.2d 1117, 1121 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.